UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

AMANDA S. GUINARD, )
)
    Plaintiff, )
)
v. ) Case No. 1:20-cv-48-SNLJ
)
TARRY LAW FIRM, LLC, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Amanda S. Guinard for leave to commence this civil action without payment of the required filing fee. (Docket No. 2). Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds the motion should be granted. For the reasons explained below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

### The Complaint

On March 6, 2020, self-represented plaintiff Amanda S. Guinard filed this civil suit on a Court-provided form against defendants Tarry Law Firm, LLC, Andrew Tarry, Lindsey M. Adams, and Deanna R. Cornell. Plaintiff asserts the following bases for federal question jurisdiction: "Constitution Amendment 14 - Rights Guaranteed Equal Protection and Constitution Amendment 5 - Rights of Persons and Civil Rights violations 42 USC Section 1985(3) depriving person of rights or privileges; and Title XXIV Civil Rights - Section 1977 Equal Rights under the law and Section 1979 Civil Action for deprivation of rights." (Docket No. 1 at 3).

Plaintiff alleges defendants "harassed, bullied, threatened and mailed certified letters to [her] wanting to scare, intimidate, punish and extort, whatever possible" and "emailed [her] messages they were going to send MO 1145 form to suspend Plaintiff's driver license." (Docket No. 1 at 5). Plaintiff further alleges defendant Deanna Cornell drove defendant Lindsey Adams's truck without insurance and hit and totaled plaintiff's car. *Id.* Plaintiff alleges defendant Lindsey Adams is employed as a paralegal at defendant Tarry Law Firm, LLC and "when the insurance claim was denied, they took their anger and frustration out on Plaintiff." *Id.*

In the space designated to describe her request for relief, plaintiff wrote that she "wants defendants to stop threatening, stop mailing certified letters, stop texting and pay for the damage they did by giving her enough money to buy another vehicle and also mental anguish and punitive damages and all court costs[.]" *Id.*

## Discussion

A. Fourteenth Amendment Equal Protection Claims

The Equal Protection Clause provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the equal protection clause . . . is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350, 352 (1918).

Plaintiff has failed to plead an Equal Protection violation against defendants. The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir. 1998)

(citation omitted); *see also Casey-E v. Better Family Life*, 2018 WL 6082900, at *2 (E.D. Mo. Nov. 21, 2018) ("The Fourteenth Amendment pertains to claims involving state action exclusively, and not to any action of private individuals."); *Howard v. United States*, 274 F.2d 100, 104 (8th Cir. 1960) (Equal Protection Clause of the Fourteenth Amendment inapplicable where there was no state action involved). Moreover, the Equal Protection Clause protects "fundamental rights," "suspect classifications," and "arbitrary and irrational state action." *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999). Plaintiff has not asserted that she belongs to a suspect class or has a fundamental right at stake and does not assert any claims against a government official or state actor. Thus, liberally construing the complaint, plaintiff's allegations against defendants pursuant to the Equal Protection clause of the Fourteenth Amendment do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim.

B. <u>Fifth Amendment Claims</u>

"In order to facially assert a constitutionally protected right under the Fifth Amendment[,] Plaintiff must allege a governmental action to his detriment and an implication of either a property interest or a liberty interest. The Fifth Amendment mandates due process of law before a person may be deprived of liberty or property." *Casey-E*, 2018 WL 6082900, at *2.

Plaintiff has failed to plead a Fifth Amendment violation against defendants. She has not alleged any governmental action impacting her in any detrimental fashion. Plaintiff has not alleged that any of the defendants are a governmental entity or acting on behalf of the government. Thus, liberally construing the complaint, plaintiff's allegations against defendants pursuant to the Fifth

4

Amendment do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim.

C. 42 U.S.C. § 1985(3) Claims

"42 U.S.C. § 1985 creates a cause of action for a conspiracy to interfere with civil rights." *Mecey v. City of Farmington*, 2017 WL 5629619, at *10 (E.D. Mo. Nov. 22, 2017). To properly allege a claim under § 1985(3), plaintiff must show:

> (1) the defendants conspired, (2) with the intent to deprive [plaintiff], either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that [plaintiff's] property [was] injured, or [plaintiff was] deprived of exercising any right or privilege of a citizen of the United States.

*Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1054-55 (E.D. Mo. Sept. 29, 2014) (citing *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005); *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996)).

"A claim under § 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment." *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). Additionally, "it also requires that the plaintiff 'allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.'" *Mecey*, 2017 WL 5629619, at *10 (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684-85 (8th Cir. 2012)).

Plaintiff's § 1985(3) claim against defendants fail because she has not alleged that any of the individual defendants entered into a specific agreement to conspire against plaintiff with the intent of violating her civil rights. Even liberally construing the complaint, plaintiff has failed to allege specific facts from which a conspiracy can be inferred. *See Williams v. City Bank*, 566 F.

5

Supp. 827, 831 (E.D. Mo. June 30, 1983) ("A section 1985(3) plaintiff must allege specific facts as would be admissible in evidence to show the existence of a conspiracy."). Thus, plaintiff's allegations against defendants pursuant to 42 U.S.C. § 1985(3) do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim.

### D. Civil Rights Claims

Plaintiff frames her civil rights claims as "Title XXIV Civil Rights – Section 1977 Equal Rights under the law and Section 1979 Civil Action for deprivation of rights." (Docket No. 1 at 3). The Court interprets plaintiff's civil rights claims as being brought pursuant to 42 U.S.C. §§ 1981 and 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 674 (1979) ("Section 1983 is a statute providing for equal rights. The Revised Statutes of 1874 included § 1979, the predecessor of § 1983, in Title XXIV, entitled Civil Rights."); *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 440 (1973) ("The present codification of § 1981 is derived from Revised Statutes § 1977.").

#### 1. 42 U.S.C. § 1981

42 U.S.C. §§ 1981, *et seq.*, guarantees the right to make and enforce contracts on a nondiscriminatory basis. The elements of a § 1981 claim are "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity." *Daniels v. Dillards, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004).

Here, plaintiff does not allege she is member of a protected class or that the actions of defendants were done with an intent to discriminate against her on the basis of her race. She also does not provide any facts to support that a contract existed between her and any of the defendants. Thus, liberally construing the complaint, plaintiff's allegations against defendants pursuant to the

6

Fifth Amendment do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim.

2. 42 U.S.C. § 1983

When bringing a claim pursuant to 42 U.S.C. § 1983, *et seq.*, "a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)

None of plaintiff's factual allegations can support a claim that a state actor deprived her of a right secured by the Constitution or federal law. First, plaintiff does not allege that defendants are state actors. Second, plaintiff does not allege a deprivation of a constitutionally protected federal right. Thus, liberally construing the complaint, plaintiff's allegations against defendants pursuant to 42 U.S.C. § 1983 do not survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment Equal Protection claims against all defendants are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Fifth Amendment claims against all defendants are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1985(3) claims against all defendants are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1981 claims against all defendants are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1983 claims against all defendants are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE